IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID EISENSTADT, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-1196-O |
| | § | |
| TELEPHONE ELECTRONICS | § | |
| CORPORATION, et al., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Amended Joint Motion of Telephone Electronics Corporation, Joseph D. Fail, Walter J. Frank, Jr. and Cloyce C. Clark for Leave to Designate Responsible Third Parties ("Defs' Mot.") (Doc. # 138), filed August 1, 2008, Plaintiffs David Eisenstadt and Richard Borin's Response ("Pls' Resp.") (Doc. # 147), filed August 18, 2008, and Defendants' Reply in Support ("Defs' Reply") (Doc. # 149), filed September 2, 2008.

Having reviewed these filings in light of the applicable law, the Court finds that Defendants' Motion should be and is hereby **GRANTED** in part, and **DENIED** in part.

I.  Background

The background facts of this case are set out in the Court's recent opinion and need not be repeated here.  *See* Doc. No. 175 (3:06-CV-1196-O) (N.D. Tex. Sept. 26, 2008).

On August 1, 2008, Defendants Telephone Electronics Corporation, Joseph D. Fail, Walter J. Frank, Jr. and Cloyce C. Clark filed an Amended Joint Motion for Leave to Designate Responsible Third Parties.  Defendants move pursuant to Texas Civil Practice and Remedies Code section 33.004 for leave to designate DigiTec and EGCS as responsible third parties.  *See* Defs' Mot. at 3-5.  Defendants argue that both DigiTec and EGCS are responsible third parties

1

because their failure to pay TecNet caused or contributed to the failure of TecNet, resulting in the alleged damage to STN for which Plaintiffs seek to collect. Def's Mot. at 5-6.

In response, Plaintiffs argue that section 33.004 is a state procedural rule, and therefore cannot be applied in this federal action. Pls' Resp. at 1. Plaintiffs also argue that Defendants have failed to plead sufficient facts concerning how DigiTec and EGCS are responsible for Plaintiffs' alleged harm. *Id.* at 2. This issue is now ripe for determination.

II.     Legal Standard

In diversity cases, federal courts apply state substantive law and federal procedural law. *Hanna v. Plumer,* 380 U.S. 460, 466-67 (1965). A state rule, however, should be applied as the rule of decision if it reflects state substantive policy that is not in conflict with the plain meaning of a federal rule. *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995). Several federal district courts in Texas, including this Court, have applied Texas Civil Practice and Remedies Code section 33.004 in diversity cases, finding no conflict with the Federal Rules of Civil Procedure. *See Kelly v. Pacific Cycle, Inc.*, No. 3:07-CV-607-B, 2007 WL 4226922 at *1 (N.D. Tex. Nov. 29, 2007).

In Texas, when a defendant is sued in tort or under the Deceptive Trade Practices Act, the defendant's ultimate responsibility is reduced by a percentage of responsibility attributed to a "responsible third party." *See* TEX. CIV. PRAC. & REM CODE § 33.013(a); *Nels Cary, Inc. v. Day*, 3:07-CV-832-D, 2008 WL 631242 at *1 (N.D. Tex. Feb. 29, 2008). Thus, if a person is designated by the Court as a responsible third party, the person is to be included in the list of parties the jury may consider for allocation of responsibility for plaintiff's damages. *See* TEX. CIV. PRAC. & REM CODE § 33.003; *Coachmen Indus., Inc. v. Alternative Serv. Concepts LLC*,

2

No. H-06-892, 2008 WL 2782310 at *1 (S.D. Tex. Jul. 15, 2008). Hence, designation of a responsible third party could affect the amount of a plaintiff's recovery.

Before designating a responsible third party, a defendant must request leave of court. *See* TEX. CIV. PRAC. & REM CODE § 33.004; *Nels Cary, Inc.*, 2008 WL 631242 at *1. Texas law provides that leave shall be granted unless a defendant did not plead sufficient facts concerning the alleged responsibility of the third party to satisfy certain pleading requirements after having been granted leave to replead.[1] *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 59 (Tex. App.—Houston [1st Dist.], no pet.). In determining whether a defendant has pled sufficient facts, federal courts look at allegations in a defendant's answer and/or counterclaim. *Nels Cary, Inc.*, 2008 WL 631242 at *2 (stating that leave would be granted if defendant's answer and counterclaim sufficiently allege that the third party caused or contributed to causing in any way the harm for which recovery of damages was sought). Courts have also found sufficient pleading where a defendant points to allegations in a plaintiff's pleading that demonstrate responsibility of a third party. *See Estate of Dumas v. Walgreens Co.*, 3:05-CV-2290, 2006 WL 3635426 at *2 (N.D. Tex. Dec. 6, 2006) (court concluded plaintiffs failed to show defendants did not plead sufficient facts where defendants' motion cited allegations plaintiffs made in their pleadings about the third party to be designated).

III.  Analysis

---

[1] Section 33.004(g) provides that a party must meet the pleading requirements of the Texas Rules of Civil Procedure. However, it has not been determined whether federal courts applying § 33.004 in a diversity case look to state or federal pleading requirements. *See Nels Cary, Inc. v. Day*, 3:07-CV-832-D, 2008 WL 631242 at *1 (N.D. Tex. Feb. 29, 2008). Because the Court finds Defendants have met their pleading burden, the Court does not need to reach this issue today.

3

After Defendants filed their motion for leave, the Court resolved several choice of law issues. *See* Doc. No. 175 (3:06-CV-1196-O) (N.D. Tex. Sept. 26, 2006). Specifically, on September 26, 2008, the Court held that Texas law applies to Plaintiffs' claim for tortious interference with a business opportunity, while Mississippi law applies to Plaintiffs' claim for tortious interference with a contract. *Id.* In addition, the Court held that California law applies to Plaintiffs' fraud and aiding and abetting claims, while Texas law applies to Plaintiffs' request for punitive damages. *Id.*

A. **Claims under California and Mississippi Law**

Defendants move to designate responsible third parties under Texas law, and have not identified any other state's law allowing the requested relief. Mississippi law applies to Plaintiffs' claim for tortious interference with a contract and California law applies to Plaintiffs' fraud and aiding and abetting claims. *See* Doc. No. 175 (3:06-CV-1196-O) (N.D. Tex. Sept. 26, 2006). Accordingly, with respect to Plaintiffs' claims for tortious interference with a contract, fraud, and aiding and abetting, the Court finds that Defendants' motion should be and is hereby **DENIED**.

B. **Claim for Exemplary Damages Under Texas Law**

Texas law applies to Plaintiffs' request for punitive damages. *See* Doc. No. 175 (3:06-CV-1196-O) (N.D. Tex. Sept. 26, 2006). Chapter 33 of the Texas Civil Practice and Remedies Code, which provides for designation of responsible third parties, does not apply to claims for exemplary damages, even where Chapter 33 applies to the underlying tort claim. TEX. CIV. PRAC. & REM CODE § 33.002(c)(2); *see also Gilcrease v. Garlock, Inc.*, 211 S.W.3d 448, 456-57 (Tex. App.—El Paso 2006, no pet.). Accordingly, to the extent Defendants seek to designate

4

responsible third parties with respect to Plaintiffs' claim for punitive damages, the Court finds that Defendants' motion should be and is hereby **DENIED**.

C.  **Claim for Tortious Interference With Business Opportunity Under Texas Law**

Texas law applies to Plaintiffs' claim for tortious interference with a business opportunity. *See* Doc. No. 175 (3:06-CV-1196-O) (N.D. Tex. Sept. 26, 2006). The Court must now determine whether to grant leave to designate responsible third parties with respect to this claim. On September 18, 2008, after Defendants filed their motion for leave, Plaintiffs abandoned their tortious interference claims against all Defendants other than Defendant Clark. *See* Doc. No. 169 (3:06-CV-1196-O) (N.D. Tex. Sept. 18, 2008). Accordingly, the Court considers whether Defendant Clark may designate DigiTec and EGCS as responsible third parties with respect to Plaintiffs' tortious interference with a business opportunity claim.

As previously noted, under Texas law the Court shall grant leave to designate a third party unless a defendant did not plead sufficient facts concerning the alleged responsibility of the third party after having been granted leave to replead. *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 59. Plaintiffs argue that the law does not provide for allocation of fault among parties guilty of fraud or other intentional conduct, and therefore § 33.004 is inapplicable. Pls' Resp. at 2. Plaintiffs further argue that this motion should be denied because Defendant Clark did not plead sufficient facts concerning the alleged responsibility of DigiTec and EGCS. *Id.*

The Court does not find Plaintiffs' argument that Texas law does not provide for allocation among parties guilty of fraud or other intentional conduct persuasive. Plaintiffs cite no authority demonstrating that Chapter 33 does not apply to claims of fraud, tortious interference with a business opportunity, or other intentional torts. Section 33.002 expressly

5

states it applies to causes of action based on tort, and does not contain an exclusion for intentional torts, such as fraud or intentional interference. TEX. CIV. PRAC. & REM CODE § 33.002(a)(1). While prior versions of Chapter 33 excluded claims for intentional torts, this exclusion has been removed. *See Isaacs v. Bishop*, 249 S.W.3d 100, 116-17 (Tex. App.—Texarkana 2008, pet. denied).

In addition, the Court finds that Plaintiffs have not demonstrated that Defendant Clark failed to plead sufficient facts concerning the alleged responsibility of DigiTec and EGCS.[2] As in *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426 at *2 (N.D. Tex. Dec. 6, 2006), Defendant Clark's motion cites allegations Plaintiffs made in their own pleadings that suggest that DigiTec and EGCS caused or contributed to causing Plaintiffs' damages. *See* Def's Mot. at 4-5. Plaintiffs claim harm resulted from, among other things, DigiTec purchasing EGCS platform services in an amount greater that the amount allowed under the STN/EGCS Agreement. Second Amended Complaint. It is also alleged that DigiTec sold prepaid phone cards below cost to create a substantial "cash flow," resulting in a balance being owed to EGCS, TecNet, and the Carriers. *Id.* Additionally, Defendant Clark's answer should have put Plaintiffs on notice of Defendant's position that others were responsible for Plaintiff's harm. *See* Doc. No. 37 (3:06-CV-1196-O) (N.D. Tex. Sept. 5, 2006). Defendant's answer contains a defense based on Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary or indispensable party. *Id.* The answer also contains an affirmative defense asserting that the

---

[2] A "responsible third party" under Chapter 33 is any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damage is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. TEX. CIV. PRAC. & REM CODE § 33.011(6); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 58.

action or inaction of others caused Plaintiffs' damages. *Id.* Accordingly, the Court finds that Defendant Clark has pled sufficient facts concerning the alleged responsibility of DigiTec and EGCS.

The Court finds that Plaintiffs have not shown that Defendant Clark has failed to plead sufficient facts under § 33.004. Accordingly, the Court finds that Defendant Clark's motion for leave to designate third parties should be and is hereby **GRANTED**.

IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** in part, and **DENIES** in part the Amended Joint Motion of Telephone Electronics Corporation, Joseph D. Fail, Walter J. Frank, Jr. and Cloyce C. Clark for Leave to Designate Responsible Third Parties (Doc. # 138). The Court grants Defendant Clark leave to designate DigiTec and EGCS as responsible third parties with respect to Plaintiffs' tortious interference with a business opportunity claim. All other requests for leave are **DENIED**.

**SO ORDERED** on this **30th** day of **September, 2008.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**